**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Sean L. Litteral (State Bar No. 331985)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
            slitteral@bursor.com

**BURSOR & FISHER, P.A.**
Joshua D. Arisohn (*pro hac vice* forthcoming)
Alec M. Leslie (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone:  (646) 837-7150
Facsimile:   (212) 989-9163
Email: jarisohn@bursor.com
            aleslie@bursor.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL HAMMAN and MICHAEL STEWART, on behalf of herself and all others similarly situated,<br><br>                              Plaintiffs,<br><br>   vs.<br><br>CAVA GROUP, INC.,<br>                              Defendant. | Case No. 22-cv-0593-MMA-MSB<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT CAVA'S NOTICE OF ADDITIONAL AUTHORITY IN CONNECTION WITH MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Judge:  Hon. Michael M. Anello<br>No Hearing Per Chambers Rules |

On December 15, 2022, Defendant Cava Group, Inc. ("Defendant") filed a Statement of Additional Authority (the "Statement") attaching a ruling from the Eastern District of Pennsylvania in *Seidl v. Artsana USA, Inc.*, No. 5:22-cv-2586, 2022 WL 17337910 (E.D. Pa. Nov. 30, 2022). The lynchpin of that decision is as follows: "Chicco does not have a duty to actively disclosure [chemicals in the KeyFit 30] and Candace did not allege that she relied on the Chemical Policy or press released when she purchased the KeyFit 30." *Seidl*, 2022 WL 17337910, at *10. That decision is inapposite and should be rejected for two principal reasons.

First, Defendant does have a duty to disclose in the context of fraudulent omission under California law for three principal reasons. For one, Defendant's conduct exposed Plaintiffs to an unexpected safety risk. *See* FAC, ¶¶ 77-98 (outlining health risks); *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 693 (N.D. Cal. 2021) ("[G]iven the admissible evidence of the dangerousness of the accumulation of lead and arsenic, a reasonable consumer could believe the omission of that information was material."). For two, duty arises from its partial representations, which under California law, require Defendant to "not conceal any facts which materially qualify those stated." *See Vega v. Jones Day, Reavis & Pogue*, 121 Cal. App. 4th 282, 292 (2004). Specifically, Defendant "display[s] the Products and describe[s] the Products as healthy, safe, and sustainable, including on the product packaging, on its website, and in its marketing, without disclosing that the Products were unsafe and detrimental to human health and the environment." FAC, ¶ 168; *Coffelt v. Kroger Co.*, 2017 WL 10543343, at *7 (C.D. Cal. Jan. 27, 2017) ("It is plausible to infer that the statements 'Quality Guaranteed' and 'Packed at the Peak of Freshness' would be misleading to customers without disclosing that 'Freshness' does not necessarily mean clean or sterile or safe to eat."). For three, Defendant's duty to disclose arose from its "exclusive knowledge of the Product's composition[.]" FAC, ¶ 167; *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997).

1

PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF RECENT DECISION
CASE NO. 3:22-CV-00593-MMA-MSB

Second, unlike the plaintiff in *Seidl* who did not allege to have relied on the defendant's disclosures, Plaintiffs allege in no uncertain terms that they "saw and relied on Defendant's marketing, including its in-store signage and website material outlined above in making their purchases." FAC, ¶ 44. Plaintiffs set forth this material, including the specific in-store signage, menus, and website representations that were material to their purchases. *Id.*, ¶¶ 34-38. Plaintiffs allege that in light of that information, they "believed that Defendant genuinely prioritized health, sustainability, and transparency, and did not expect that Defendant, who proudly touted these qualities, to hide the biggest secret of all: the existence of organic fluorine which is indicative of cancer causing PFAS in its packaging[.]" *Id.*, ¶ 44.

Accordingly, *Seidl* is inapposite.

Dated:  January 4, 2023         **BURSOR & FISHER, P.A**.

By:  /s/ *Sean L. Litteral*
          Sean L. Litteral

L. Timothy Fisher (State Bar No. 191626)
Sean L. Litteral (State Bar No. 331985)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
          slitteral@bursor.com

**BURSOR & FISHER, P.A.**
Joshua D. Arisohn (*pro hac vice* forthcoming)
Alec M. Leslie (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone:  (646) 837-7150
Facsimile:   (212) 989-9163
Email: jarisohn@bursor.com
          aleslie@bursor.com

*Attorneys for Plaintiffs*