UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL HAMMAN and MICHAEL STEWART, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>CAVA GROUP, INC.,<br><br>Defendant. | Case No.: 22-cv-593-MMA (MSB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 18] |

In this putative class action, Plaintiffs Neil Hamman and Michael Stewart ("Plaintiffs") allege that Defendant Cava Group, Inc. ("Defendant") failed to disclose the presence of "heightened levels of organic fluorine and unsafe per-and polyfluoroalkyl substances" ("PFAS") contained in the packaging of its grain and salad bowls. Doc. No. 12 (First Amended Complaint, the "FAC") ¶ 1. On October 3, 2022, Defendant filed a motion to dismiss Plaintiffs' FAC in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. No. 18. Plaintiffs filed an opposition, Doc. No. 19, to which Defendant replied, Doc. No. 20. The Court found the matter suitable for

1

determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 21. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss.

## I. Background[1]

Defendant "operates Mediterranean 'fast casual' restaurants, where among other product offerings, patrons can build customized grains and greens bowls from a wide variety of foods." Doc. No. 18-1 at 8.[2] Plaintiffs purchased Defendant's grain and salad bowls (the "Products") "at numerous points over the past few years," but most recently in January and March 2022. FAC ¶¶ 20, 22. Plaintiffs allege that Defendant's Products "are unfit for human consumption" because their packaging "contain[s] heightened levels of organic fluorine and unsafe" PFAS.[3] *Id.* ¶ 2. Plaintiffs' allegations are based on a February 2020 study conducted by Mind the Store and Toxic-Free Future, a March 2022 article from Consumer Reports, and Plaintiffs' own tests conducted in July 2022, which all revealed high levels of organic fluorine in the Products' packaging materials. *Id.* ¶¶ 45–49, 57–61. Plaintiffs contend that "testing for organic fluorine is a valid method to test for PFAS," and that PFAS "are harmful even at very low levels." *Id.* ¶¶ 13, 52, 62–68.

Defendant's in-store and website advertising did not feature warnings that the Products "would contain dangerous levels of organic fluorine," which is an indicator of

---

[1] Reviewing Defendant's motion to dismiss, the Court accepts as true all facts alleged in the FAC and construes them in the light most favorable to Plaintiffs. *See Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017).

[2] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

[3] Plaintiffs' FAC also includes claims that Defendant's Products "contain various cancer causing and environmentally harmful biocides." FAC ¶ 1. However, in their opposition to Defendant's motion to dismiss, Plaintiffs state that they "do not oppose dismissal of their claims regarding biocides." Doc. No. 19 at 9 n.1. Accordingly, the Court **GRANTS** Defendant's motion on that basis and **DISMISSES** Plaintiffs' claims regarding biocides. As such, the Court focuses its analysis below on Plaintiffs' claims regarding PFAS.

1  PFAS. *Id.* ¶¶ 33–38, 115.  Plaintiffs contend that this was due to Defendant's desire to
2  maintain its health-conscious customer base.  *See id.* ¶¶ 42–56.
3        Plaintiffs assert that they saw, reviewed, and understood representations such as
4  "healthy" and "sustainable" on Defendant's website and in-store marketing materials, as
5  well as in articles that included comments from Defendant's chief executive officer, and
6  that they relied upon the omission of warnings about the potential dangers of the Products
7  containing PFAS when making the decision to purchase Defendant's grain and salad
8  bowls.  *Id.* ¶¶ 20, 22, 35–42, 44, 120.  Had they known the Products contained PFAS,
9  Plaintiffs claim that they would not have purchased the Products or would have paid less
10 for them. *Id.* ¶¶ 20, 22.  While they wish to purchase the Products in the future, they are
11 "unable to determine if the Products are actually healthy, safe, and sustainable" because
12 they cannot rely on the false representations in Defendant's current advertising and
13 marketing scheme.  *Id.* ¶¶ 21, 23.
14       Based on the foregoing, Plaintiffs initiated this action on behalf of themselves and
15 as representatives of all those similarly situated for: (1) Violation of California's Unfair
16 Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* (Count I);
17 (2) Violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Bus. & Prof.
18 Code § 1750 *et seq.* (Count II); (3) Breach of Implied Warranty under the Song-Beverly
19 Consumer Warranty Act, Cal. Civ. Code § 1792 *et seq.*, Cal. Com. Code § 2314 (Count
20 III); (4) Violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof.
21 Code § 17500 *et seq.* (Count IV); (5) Fraud (Count V); (6) Constructive Fraud (Count
22 VI); (7) Fraudulent Inducement (Count VII); (8) Fraudulent Omission or Concealment
23 (Count VIII); (9) Fraudulent Misrepresentation (Count IX); (10) Negligent
24 Misrepresentation (Count X); (11) Quasi-Contract/Unjust Enrichment (Count XI); and
25 (12) Breach of Express Warranty (Count XII).  *See generally* FAC.

**II. LEGAL STANDARDS**

**A.    Rule 12(b)(1)**[4]

A party may challenge the court's subject-matter jurisdiction through a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Because "[f]ederal courts are courts of limited jurisdiction," "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

"Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White*, 227 F.2d at 1242. "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

"A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* (citing *Safe Air for Everyone*, 373 F.3d at 1039; *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof[]'" and "prov[e] by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id.* (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010);

---

[4] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

*Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012)). Generally, "if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." *Id.* at 1121–22 (citing *Safe Air for Everyone*, 373 F.3d at 1039–40; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *Thornhill Publ'g*, 594 F.2d at 733).

"Because standing . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *White*, 227 F.3d at 1242 (citing *Bland v. Fessler*, 88 F.3d 729, 732 n.4 (9th Cir. 1996)).

**B.     Rule 12(b)(6)**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

Additionally, allegations of fraud or mistake require the pleading party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The context surrounding the fraud must "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly—Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction." *Kearns*, 567 F.3d at 1124 (internal quotation marks omitted) (first quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); and then quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), superseded by statute on other grounds).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), cert. denied, 502 U.S. 921 (1991)).

## III. REQUEST FOR JUDICIAL NOTICE AND INCORPORATION-BY-REFERENCE

As an initial matter, Defendant asks the Court to consider twelve exhibits—comprising various reports and articles about PFAS, documents from the U.S. Food and Drug Administration and the Environmental Protection Agency, an internet archive of a portion of Defendant's website, and a court record from the Superior Court of the District of Columbia—in support of its motion to dismiss pursuant to the judicial notice and incorporation-by-reference doctrines. *See* Doc. Nos. 18-2, 20-1.

While the scope of review on a motion to dismiss for failure to state a claim is limited to the complaint, a court may consider evidence on which the complaint necessarily relies if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff['s] claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotation marks and citations omitted). Furthermore, courts may take judicial notice of publications introduced to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2009) (citing *Premier Growth Fund v. All. Capital Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)); *see also Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) ("The Court also grants Defendants' request [for judicial notice] as to Exhibits 31 through 47, Yahoo! Press releases, news articles, analyst reports, and third party press releases to which the SAC refers, but not for the truth of their contents"). Additionally, courts can consider documents under the "incorporation-by-reference" doctrine when a plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).

Here, Plaintiffs object only to the extent "Defendant uses its interpretation of [the exhibits] . . . in an attempt to negate Plaintiffs' allegations and to resolve factual disputes

in its favor." Doc. No. 19 at 11 n.2.  Plaintiffs do not challenge the authenticity of any of Defendant's referenced exhibits.

Defendant contends that Exhibits 1, 2, 6, 7, 8, 9, 10, and 11 are appropriate subjects for consideration under the doctrine of incorporation-by-reference because Plaintiffs rely on them in the FAC, and that Exhibits 3, 4, 5, and Exhibit A are judicially noticeable public records.  *See* Doc. Nos. 18-2 at 3–4, 20-1 at 1.  The Court agrees and **GRANTS** Defendant's request for incorporation-by-reference and judicial notice as to each of the twelve exhibits.  However, the Court will not consider these exhibits for the truth of the matters asserted therein.  *See, e.g.*, *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) (granting defendants' request to take judicial notice of SEC filings, but specifying that they will not "where inappropriate" be considered for the truth of the matter asserted).

## IV. DISCUSSION

In its motion to dismiss, Defendant argues that the FAC should be dismissed for the following reasons: (1) this Court does not have subject-matter jurisdiction over this case because Plaintiffs lack standing; and (2) because Plaintiffs have failed to state a claim upon which relief can be granted for any of their twelve claims.  Doc. No. 18-1 at 13–31.  The Court addresses these arguments in turn.

**A.  Standing**

  1.  *Injury-in-Fact*

First, Defendant facially attacks Plaintiffs' standing, arguing that "they do not plausibly allege a concrete and particularized injury-in-fact."  Doc. No. 18-1 at 13. Plaintiffs respond that they satisfy the standard for Article III standing because they suffered "economic damages stemming from their overpayment of a Product they believed was safe, healthy, and sustainable based on Defendant's misrepresentations and omissions."  Doc. No. 19 at 17.

A plaintiff must establish standing to bring claims, which at an "irreducible minimum" requires three elements: "(1) an injury that is (2) fairly traceable to the

defendant's allegedly unlawful conduct and that is (3) likely to be redressed by the requested relief." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 590 (1992). "A 'quintessential injury-in-fact' occurs when plaintiffs allege that they 'spent money that, absent defendants' actions, they would not have spent." *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 846 (N.D. Cal. Jan. 17, 2018) (quoting *Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011)); *see also Moreno v. Vi-Jon, LLC.*, No. 21-56370, 2022 WL 17668457 (9th Cir. Dec.14, 2022) ("[Plaintiff] alleged that he wouldn't have purchased or paid as much for [defendant's] products if he had known the truth about their effectiveness. That is sufficient for an Article III injury." (citations omitted)); *Maisel v. S.C. Johnson & Son, Inc.*, No. 21-CV-00413-TSH, 2021 WL 1788397, at *3 (N.D. Cal. May 5, 2021) ("[B]ecause [plaintiff] alleges she purchased the [defendant's product] and would not have if she knew they were mislabeled, the Court finds she has Article III standing to bring this case."); *Berke v. Whole Foods Mkt., Inc.*, No. CV 19-7471 PSG (KSX), 2020 WL 5802370, at *6 (C.D. Cal. Sept. 18, 2020) (same).

In *Zeiger*, the court found that the plaintiffs sufficiently pleaded injury-in-fact where they alleged that the pet food they bought "contain[ed] 'material and significant levels of arsenic and lead,' 'known dangerous toxins for both humans and animals'"; that the defendants "knew or should have known of the presence of these contaminants"; that the products contained no "warning label or disclos[ure] [of] the presence of these contaminants" but did "contain various health claims and promises"; and that the plaintiffs "would not have purchased the food if [any level of contaminants] was fully disclosed." 304 F. Supp. 3d at 842, 846.

Like the plaintiffs in *Zeiger*, here Plaintiffs plead economic injury by asserting that they would not have purchased Defendant's Products or would have paid less for them had they known the truth about the Products—that their packaging contained "heightened levels of organic fluorine," an indicator of PFAS. FAC ¶ 1. This is plausible because Plaintiffs allege that based on the Consumer Reports article, similar studies and reports, and their own tests, the Products are likely to contain PFAS and that PFAS are dangerous

even in small quantities. *Id.* ¶¶ 13, 45–49, 52, 57–68. Overall, Defendant's arguments largely go to the merits of Plaintiffs' claims, which is inappropriate at the motion to dismiss stage. Therefore, accepting as true all material allegations in the FAC and construing them in favor of the complaining party, the Court finds Plaintiffs have successfully pleaded economic injury for standing. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *see also Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000).

        2.       *Injunctive Relief*

Second, Defendant argues that Plaintiffs lack Article III standing to seek injunctive relief because, "now wise to their alleged deception," Plaintiffs' "continued desire to purchase the Products" is "palpably implausible." Doc. No. 18-1 at 21. The Court disagrees.

To establish standing for injunctive relief, a plaintiff must plead a "threat of injury" that is "actual and imminent, not conjectural or hypothetical." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). Once plaintiffs have been wronged, they are entitled to injunctive relief only if they can show that they face a "real or immediate threat that [they] will again be wronged in a similar way." *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (citations and internal punctuation omitted). "Where standing is premised entirely on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way.'" *Davidson*, 889 F.3d at 967 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). "[A] previously deceived customer may have standing to seek an injunction against false advertising or labeling" based on "inability to rely on the advertising in the future," "even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Id.* at 967, 969 (quoting *Summers*, 555 U.S. at 493). "Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id.*; *see also Brown v. Van's Int'l*

*Foods, Inc.*, No. 22-CV-00001-WHO, 2022 WL 1471454, at *11 (N.D. Cal. May 10, 2022) (applying the *Davidson* rule to omissions on labels).

Here, Plaintiffs allege that they would like to purchase Defendant's Products in the future, but they are "unable to determine if the Products are actually healthy, safe, and sustainable" because they cannot rely on the representations in Defendant's current advertising and marketing scheme that omit any reference to PFAS. FAC ¶¶ 21, 23, 123. At this stage of the proceedings, the Court must presume the truth of Plaintiffs' allegations and construe the allegations in their favor. *See Davidson*, 889 F.3d at 971 (citing *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)). Plaintiffs' allegations are more concrete than claiming they would merely "consider" buying Defendant's Products at a later date. *See Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, 591 (9th Cir. 2018) (holding that the plaintiff's "would 'consider buying'" allegations and a mere intent to purchase the defendant's products in the future were insufficient to sustain Article III standing); *Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1077 (S.D. Cal. Nov. 6, 2019) (finding that vague "would consider purchasing" allegations coupled with the speculative nature of the at-issue product ever achieving its claimed representations was insufficient to sustain Article III standing). Therefore, Plaintiffs have plausibly pleaded a threat of future injury sufficient to demonstrate Article III standing to seek injunctive relief.

Consequently, the Court **DENIES** Defendant's motion to dismiss on Rule 12(b)(1) grounds.

**B.     Sufficiency of the FAC**

As to its motion to dismiss under Rule 12(b)(6), Defendant advances three primary arguments: (1) Plaintiffs do not satisfy Rule 9(b)[5]; (2) Plaintiffs fail to plead a claim for

---

[5] Defendant relies on Rule 9(b) in its motion to dismiss and makes only passing reference to Rule 8. *See* Doc. No. 18-1 at 27. As discussed below, Plaintiffs do not dispute that their claims are grounded in fraud and that Rule 9(b) governs. *See* Doc. No. 19 at 30 n.11. Accordingly, the Court focuses its analysis on Rule 9(b) rather than Rule 8.

fraudulent omission; and (3) Plaintiffs' consumer protection claims under the CLRA, UCL, and FAL fail under the "reasonable consumer" test. *See* Doc. No. 18-1 at 21–31. The Court addresses each argument below.

1. Rule 9(b)

Where a plaintiff alleges fraud in the complaint, Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A party must set forth "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation," also referred to as "the who, what, when, where, and how" of the fraudulent conduct charged. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (internal quotation marks omitted); *Vess*, 317 F.3d at 1106. Rule 9(b) also applies to claims that are "grounded in fraud" or "sound in fraud." *Vess*, 317 F.3d at 1103–04. Asserting that the defendant "'knowingly and purposefully failed to disclose' the alleged defect is subject to Rule 9(b), since that amounts to an allegation of knowledge of falsity and intent to defraud." *Shin v. BMW of North America*, No. CV 09–00395 AHM (AJWx), 2009 WL 2163509, at *4 (C.D. Cal. July 16, 2009) (citation omitted).

Here, all twelve of Plaintiffs' causes of action either allege fraud or sound in fraud because, as Plaintiffs concede, their allegations are premised on "a unified course of fraudulent conduct." Doc. No. 19 at 30 n.11. Therefore, each claim is subject to the heightened pleading standard of Rule 9(b). *See Vess*, 317 F.3d at 1103–04 (holding that when a plaintiff "allege[s] a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)").

According to Plaintiffs, Defendant represents that its Products are safe, healthy, and sustainable, *id.* ¶ 33, through its website, in-store signage, and specific comments made by Defendant's chief executive officer, *id.* ¶¶ 35–42, 120. Plaintiffs plead that

these representations were made during the putative class periods, including prior to the time Plaintiffs purchased the Products, in January and March 2022. FAC ¶¶ 20, 22, 121. Further, Plaintiffs maintain that these material representations are false and misleading because the Products' packaging contains PFAS, which are harmful. *Id.* ¶¶ 45–58, 62–68, 77–103, 123. Plaintiffs also assert in the FAC that Defendant knowingly made these misrepresentations so that consumers would purchase its Products. *Id.* ¶ 43, 123. The Court concludes that this satisfies "'the who, what, when, where, and how' of the misconduct charged." *Kearns*, 567 F.3d at 1124 (quoting *Vess*, 317 F.3d at 1106).

Defendant argues that Plaintiffs' allegations regarding PFAS are not specific enough to satisfy the Rule 9(b) pleading standard. Doc. No. 18-1 at 27–28. Specifically, Defendant complains that Plaintiffs fail to identify "what chemicals present in their own purchases form the purported basis of liability." *Id.* at 28. In response, Plaintiffs argue that they are not required at this stage to "identify each of the precise PFAS in the Products" and that Defendant's argument is actually a factual dispute. Doc. No. 19 at 30. On this point, the Court agrees. Defendant "seems to be arguing predominantly about the merits of Plaintiffs' claims, which is inappropriate at the motion to dismiss stage." *Kanan v. Thinx Inc.*, No. CV2010341JVSJRPX, 2021 WL 4464200, at *5 (C.D. Cal. June 23, 2021).

Defendant also argues that "Plaintiffs fail to allege with particularity that they relied on any of the alleged misrepresentations." *See* Doc. No. 18-1 at 28–29. Reliance "occurs when the defendant's misrepresentation is an immediate cause of the plaintiff's conduct, altering his legal relations, and when, absent such representation, the plaintiff would not, in all reasonable probability, have entered into the transaction." *Mooradian v. Wright Med. Tech., Inc.*, No. 14CV02445-MMA (DHB), 2015 WL 12513465, at *3 (S.D. Cal. Feb. 25, 2015). The Court finds that Plaintiffs adequately plead reliance because they allege that they "saw and relied on Defendant's marketing, including its in-store signage and website material" and would have acted differently if they knew about the existence of PFAS in the Products. FAC ¶¶ 20, 22, 44.

In sum, "[t]o comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citations and quotations omitted). Here, the Court finds that Plaintiffs give Defendant notice of the alleged misconduct—Defendant's material misrepresentations in their marketing—including framing their allegations under the Rule 9(b) standard. *See* FAC ¶¶ 119–125. Accordingly, the Court will not dismiss Plaintiffs' claims based on a failure to satisfy Rule 9(b).

### 2. *Fraudulent Omission*

As an initial matter, the Court finds that Plaintiffs' common law claims—Counts V through XII (including their claim for fraudulent concealment or omission)—must be dismissed because Plaintiffs fail to identify the applicable state laws. *See Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2021 WL 2165796, at *12 (N.D. Cal. Feb. 8, 2016) ("[D]ue to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal.") However, the Court will nonetheless analyze Plaintiffs' fraudulent omission claim, assuming it is brought under California law.

California law recognizes "an omission theory of consumer fraud." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018). "[B]ut to be actionable the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Id.* Additionally, "[t]he required elements for fraudulent concealment are (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the

concealment or suppression of the fact." *Graham v. Bank of America, N.A.*, 226 Cal. App. 4th 594, 606 (2014) (citation omitted).

There are four circumstances in which a duty to disclose may arise: "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997).

Defendant argues that Plaintiffs' fraudulent omission claim fails because it did not have any duty to disclose. Doc. No. 18-1 at 30. The Court agrees.

Plaintiffs first appear to argue that they need not allege a duty to disclose because they bring their fraudulent omission claim under a theory of "partial omission." Doc. No. 19 at 32. This is not the law. As stated above, partial omission (also referred to by courts as "partial representation") is just one of the circumstances in which a duty to disclose may arise in the context of fraudulent omission. *See LiMandri*, 52 Cal. App. 4th at 336. Further, the Court finds that Plaintiffs fail to allege any partial omission that could form the basis of Defendant's duty to disclose. From its reading of the FAC, the Court finds that Plaintiffs allege a unified course of fraudulent conduct under a theory of material misrepresentation, *i.e.*, that Defendant holds its Products out as healthy and safe when, in fact, they are not because they contain PFAS.[6] Plaintiffs cannot allege a partial omission triggering a duty to disclose where they only claim that Defendant's marketing materials are outright false. *See Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1013 (N.D. Cal. 2020) ("Indeed, the entire theory of a case based on partial omissions is that what is disclosed is in some sense true but that the whole truth is missing.") To be sure, all misrepresentations are also omissions of the facts that make the statement untrue. *Cf.*

---

[6] The Court already found that Plaintiffs' claims based on materials misrepresentations have been adequately pleaded. *See supra* Section IV.B.1.

*Little v. First Cal. Co.*, 532 F.2d 1302, 1304 n.4 (9th Cir. 1976).  Plaintiffs' theory of the case is not altered whether they describe the alleged misconduct as an outright misrepresentation of the Products as "healthy" or as an omission of the PFAS, which makes the "healthy" statements untrue.  Thus, it appears that omission of the truth which undermines the alleged misrepresentations here are not "partial omissions," *see* Doc. No. 19 at 32–33, creating a duty to disclose under California law.

Plaintiffs also argue that Defendant had a duty to disclose based on Defendant's exclusive knowledge of material facts and that Defendant actively concealed material facts.  Doc. No. 19 at 33.  Plaintiffs do not allege that Defendant had a duty to disclose based on any fiduciary duty.

First, Plaintiffs allege that Defendants had exclusive knowledge of material facts and cite to paragraph 167 of the FAC for the proposition that "Defendant has exclusive knowledge of the Product[s'] composition, which was not known to Plaintiffs or Class Members."  Doc. No. 19 at 33.  This proposition alone does not plausibly support the allegation that Defendant had exclusive knowledge that the Products contained PFAS.  In fact, Plaintiffs' own allegations reveal that Defendants did not have "exclusive knowledge" of the existence of PFAS in their Products.  *See Wolph v. Acer Am. Corp.*, No. C 09–01314 JSW, 2009 WL 2969467, at *4 (N.D. Cal. Sept. 14, 2009) ("[b]ased on Plaintiff['s] own allegations, Plaintiff [has] not alleged facts that show [Defendants] had exclusive knowledge of the [omitted] material facts and that Plaintiff[] could not have reasonably discovered such facts."); *see also Stickrath v. Globalstar, Inc.*, No. C07–1941 THE, 2008 WL 344209, at *4 (N.D. Cal. Feb. 6, 2008) (allegations in complaint do not appear to support an allegation of exclusivity because Plaintiffs allege disclosure by Defendant "in public filings" and in "an application with the FCC").  For example, Plaintiffs refer to studies conducted by Mind the Store and Toxic-Free Future in 2020, which revealed Defendant's packaging contained PFAS.  FAC ¶¶ 45–49.  Additionally, Plaintiffs' reference the archive from Defendant's website wherein Defendant acknowledges that its Products' packaging contains PFAS.  *Id.* ¶ 35.  Overall, these

allegations demonstrate that the material facts alleged—the existence of PFAS in the Products' packaging—were not within the exclusive knowledge of Defendant but available to the public. Therefore, Plaintiffs fail to assert a duty to disclose based on exclusive knowledge of a material fact.

Next, as to Plaintiffs' allegation that Defendants actively concealed material facts from them, Plaintiff must allege specific "affirmative acts on the part of the [D]efendant[] in hiding, concealing or covering up the matters complained of." *Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161, 1176 (E.D. Cal. 2013) (quoting *Lingsch v. Savage*, 213 Cal. App. 2d 729 734 (1963)). As with exclusive knowledge, "generalized allegations with respect to . . . active concealment" will not do. *Id.* (citing *Hovsepian v. Apple, Inc.*, No. 08–5788 JF (PVT), 2009 WL 5069144, at *3 (N.D. Cal. Dec. 17, 2009)). Here, Plaintiffs make general conclusory allegations of active concealment, *see* Doc. No. 19 at 33, FAC ¶¶ 136, 137, without specific facts that Defendant actively tried to conceal the presence of PFAS in the Products. Therefore, Plaintiffs have failed to assert a duty to disclose based on active concealment. *See Herron*, 924 F.Supp.2d at 1176 (granting motion to dismiss on active concealment allegation based on general assertion that defendants "actively concealed material facts from Plaintiff and the Class").

Thus, because Plaintiffs have failed to assert a duty to disclose, the Court **GRANTS** Defendant's motion to dismiss as to Plaintiffs' claims premised on fraudulent omission. Additionally, as stated above, the Court **DISMISSES** Plaintiffs' common law claims (Counts V through XII) for failure to identify the applicable state laws.

       3.     *The Reasonable Consumer Test and the UCL, CLRA, and FAL*

Defendant makes two arguments in favor of dismissal of Plaintiffs' UCL, CLRA, and FAL claims. Doc. No. 18-1 at 22–26. First, Defendant asserts that no reasonable consumer would read its marketing, which includes statements such as "healthy," and conclude that their "purchases were certain to be free of any PFAS." *Id.* at 23. Second, Defendant argues that Plaintiffs' allegations that PFAS are "widespread" throughout the environment "foreclose[s] [their] theory of reasonable consumer expectations." *Id.* at 26.

Defendant claims that because "Plaintiffs understand 'highly persistent' PFAS well enough to stay alert to even their potential presence in consumer products," it is implausible then that they would expect "no chance that some form of PFAS might" exist in Defendant's Products. *Id.* at 26–27.

California has enacted several consumer protection statutes to protect its citizens from unfair, deceptive, or fraudulent business practices. California's UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. California's CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. Finally, California's FAL prohibits any "unfair, deceptive, untrue or misleading advertising," Cal. Bus. & Prof. Code § 17500, and any FAL violation amounts to a UCL violation. *See Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Kasky v. Nike, Inc.*, 45 P.3d 243, 250 (2002)). Courts often analyze claims under the fraudulent prong of the UCL, FAL, and CLRA together "because they share similar attributes." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 985 (S.D. Cal. 2014). Claims under all three of these statutes are subject to the "reasonable consumer test." *Williams*, 552 F.3d at 938 (citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)). The reasonable consumer test requires a probability that a "significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (internal quotation marks omitted). At the pleading stage, courts have dismissed cases under the reasonable consumer test only in select circumstances, particularly where the "alleged violations of the UCL, FAL, and CLRA are simply not plausible." *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014). "[I]f common sense would not lead anyone to be misled, then the claim may be disposed of at a motion to dismiss stage." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1018 (9th Cir. 2020).

Plaintiffs premise their claims on the theory that the marketing materials they relied on in purchasing Defendant's Products are misleading because they fail to disclose

that they contain organic fluorine, an indicator of PFAS, while claiming that the Products are "healthy" and "sustainable." *See generally* FAC. How reasonable consumers would interpret Defendant's representations in its marketing is a question of fact, and not a question that the court can resolve at this stage. *See Zeiger*, 304 F. Supp. 3d at 852 ("Plaintiffs have provided an actionable theory why the Products are unsafe and why the labels are misleading; whether plaintiffs can prove their theory is a separate question that [the court] cannot resolve at [the motion to dismiss] stage.") Accepting the allegations in the FAC as true, the Court finds that Plaintiffs sufficiently allege that reasonable consumers could interpret, and that Plaintiffs did interpret, Defendant's representations in their marketing to mean that the Products were "healthy" and "safe for use as it relates to human exposure" to PFAS. *See* FAC ¶¶ 20, 22; *Dawood v. Gamer Advantage LLC*, No. 22-cv-00562-WBS-KJN, 2022 WL 3108846, at *2 (E.D. Cal. Aug. 4, 2022) (finding that, at the motion to dismiss stage, a reasonable consumer could interpret defendant's representations that a product was safe to mean that it was free of PFAS). Accordingly, the Court **DENIES** Defendant's motion to dismiss based on this argument.

As a final note, it appears that Defendant focuses on the fraudulent prong of the UCL and does not directly challenge Plaintiffs' claims under the UCL's unlawful and unfair prongs. Because the analysis of these two sub-theories is distinct, *see Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1153 (S.D. Cal. 2021), the Court briefly addresses them.

First, because the Court has found that Plaintiffs stated claims for violations of the FLA and the CLRA, these claims may serve as the predicate violations for a claim under the UCL's unlawful prong. *See Zeiger*, 304 F. Supp. 3d at 852 (holding CLRA and FAL claims may serve as predicate violations for a claim under the UCL's unlawful prong). Therefore, to the extent Defendant also challenges this claim, its motion to dismiss is **DENIED**.

Second, although there is an absence of clarity on how to define unfairness in the consumer fraud context, the Ninth Circuit has instructed that courts must "balance the

harm to the consumer against the utility of the defendant's practice." *Lozano v. AT &T Wireless Servs. Inc.*, 504 F.3d 718, 736 (9th Cir. 2007).  Here, the Court has found that Plaintiffs plausibly allege that a reasonable consumer could be deceived by Defendant's representations or lack thereof regarding PFAS.  Construing Plaintiffs' allegations in the light most favorable to them, these allegations outweigh the utility of Defendant's current marketing or the burden that would be placed on Defendant to change its marketing materials.  Accordingly, to the extent Defendant challenges Plaintiffs' claim under the unfair prong, its motion to dismiss is also **DENIED**.

## V. C<span>ONCLUSION</span>

For the foregoing reasons, the Court **GRANTS IN PART** Defendant's motion and **DISMISSES** Plaintiffs' claims regarding biocides and their common law causes of action (Counts V through XII) with leave to amend.  The Court **DENIES** the motion to dismiss in all other respects.  Plaintiffs may file a second amended complaint on or before **March 1, 2023**.  Any second amended complaint will be the operative pleading, and therefore Defendant must respond within the time prescribed by Federal Rule of Civil Procedure 15.  Any claim not re-alleged in the second amended complaint will be considered waived.  See CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

**IT IS SO ORDERED**.

Dated: February 8, 2023

HON. MICHAEL M. ANELLO
United States District Judge