# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL HAMMAN and MICHAEL STEWART, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>CAVA GROUP, INC.,<br><br>Defendant. | Case No.: 22-cv-593-MMA (MSB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>[Doc. No. 31] |

Pending before the Court is Defendant Cava Group, Inc.'s ("Defendant") motion to dismiss Plaintiffs Neil Hamman and Michael Stewart's ("Plaintiffs") Second Amended Complaint. Doc. No. 31. Plaintiffs filed an opposition, Doc. No. 35, and Defendant replied, Doc. No. 36. The Court found this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 37. For the reasons set forth below, the Court **DENIES** Defendant's motion to dismiss.

1

## I. BACKGROUND

In this putative class action, Plaintiffs allege that Defendant failed to disclose the presence of "heightened levels of organic fluorine and unsafe per-and polyfluoroalkyl substances" ("PFAS") contained in the packaging of its grain and salad bowls. Doc. No. 28 (Second Amended Complaint, the "SAC") ¶ 1. The Court further detailed Plaintiffs' factual allegations in its February 8, 2023 Order granting in part and denying in part Defendant's motion to dismiss Plaintiffs' First Amended Complaint ("FAC"). *See Hamman v. Cava Grp., Inc.*, No. 22-CV-593-MMA (MSB), 2023 WL 3450654, at *1–2 (S.D. Cal. Feb. 8, 2023). The Court incorporates that discussion by reference here.

In its previous Order, the Court dismissed with leave to amend Plaintiffs' claims regarding biocides and their common law causes of action for failure to identify the applicable state laws, which included a claim for fraudulent omission. Doc. No. 26 at 17, 20. The Court further found that as to their claim for fraudulent omission, Plaintiffs failed to assert a duty to disclose. *Id.* at 17. In response to this Order, Plaintiffs filed their SAC, asserting their common law claims under California law and dropping their biocide and fraudulent omission claims. *See generally* SAC.

In the instant motion, Defendant again moves to dismiss Plaintiffs' SAC pursuant to Federal Rule of Civil Procedure 12(b)(6), but only as to their claims for punitive damages, breach of implied warranty, and unjust enrichment. *See* Doc. No. 31.

## II. LEGAL STANDARD

Under Rule 12(b)(6),[1] a district court must dismiss if a claim fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the claimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the

---

[1] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  While courts do not require "heightened fact pleading of specifics," a claim must be supported by facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

Under Rule 9(b), a party must "state with particularity the circumstances constituting fraud or mistake," including "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).  However, "Rule 9(b) requires only that the circumstances of fraud be stated with particularity; other facts may be pleaded generally, or in accordance with Rule 8." *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 992 (9th Cir. 2011).  In deciding a motion to dismiss for failure to state a claim, the court accepts all of the factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  But the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### III. DISCUSSION

In its motion to dismiss, Defendant argues that Plaintiffs fail to "allege grounds for [their] punitive damages and implied warranty claims" and that their claim for "unjust enrichment . . . fails as a matter of law." Doc. No. 31-1 at 8.  Plaintiffs argue that the Court need not reach the merits of Defendant's arguments pursuant to Rule 12(g)(2). Doc. No. 35 at 5–8.

Rule 12(g)(2) states that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).  Rule 12(h)(2), in turn, allows a party to raise a defense of failure to state a claim: "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a

motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). Therefore, under Rule 12(g)(2) and Rule 12(h)(2), a party that seeks to assert a defense that was available but omitted from an earlier Rule 12 motion can only do so in a pleading, a Rule 12(c) motion, or at trial.

While Rule 12(g)(2) "technically prohibits successive motions to dismiss that raise arguments that could have been made in a prior motion," "courts faced with a successive motion often exercise their discretion to consider the new arguments in the interests of judicial economy." *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, No. 10-cv-05696-CRB, 2011 WL 2690437, at *2 n.1 (N.D. Cal. July 8, 2011); *see also Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 n.2 (9th Cir. 1988) ("[C]ourts have discretion to hear a second motion under Rule 12(b)(6) if the motion is not interposed for delay and the final disposition of the case will thereby be expedited.").

Plaintiffs contend that Defendant could have made its arguments in its previous motion to dismiss and therefore Rule 12(g) precludes it from now asserting them. Doc. No. 35 at 5. One of the cases they cite is *In re Packaged Seafood Prod. Antitrust Litig.*, 277 F. Supp. 3d 1167 (S.D. Cal. 2017), in which U.S. District Judge Janis L. Sammartino barred the defendants from bringing a successive Rule 12(b)(6) motion. In that case, the court "previously ruled on Defendants' motion to dismiss Plaintiffs' post-2013 [price-fixing conspiracy] allegations and *denied* the requested relief." *Id.* at 1175 (emphasis in original). The court held that defendants could not "now again request the same relief," and "decline[d] to exercise its discretion to disregard Rule 12(g)(2), despite the fact that the Ninth Circuit might well be 'forgiving of . . . [this] court's failure to follow Rule 12(g)(2).'" *Id.* (citing to *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019)).

Importantly, in that case, the factual footing had shifted between the initial and second motion to dismiss. Multiple guilty pleas were entered in the U.S. Department of Justice's concurrent grand jury investigation and plaintiffs received approximately 2,000,000 pages of documents that were previously only available to the grand jury,

which meant that the new complaint "contain[ed] much more information than their predecessors." 277 F. Supp. 3d at 1172.  Although the court found that there was evidence of defendants' "valid belief that the factual footing in the case shifted such that it would be advantageous to press a new, more-particularized argument that they failed to previously raise," it nonetheless declined to reach it under its discretion pursuant to Rule 12(g)(2).  *Id.* at 1175.

      Here, the factual footing has not substantively changed between the FAC and SAC, both of which largely share the same factual material.  Indeed, the redline comparison submitted by Plaintiffs with their SAC demonstrates very minimal alterations between the FAC and SAC, aside from the deletion of Plaintiffs' biocide and fraudulent omission claims that were dismissed in the Court's previous Order.  *See generally* Doc. No. 28-1.  Therefore, because the allegations are not substantively different in the SAC, Defendant's arguments could have been raised in its previous motion to dismiss and the instant motion violates Rule 12(g)(2)'s ban on successive Rule 12(b) motions.

      Further, the Court is unpersuaded by Defendant's argument in its reply that "Rule 12(g)(2) has no application here because this is the first motion directed to the operative complaint," given that Defendant relies on older cases from this District[2] that pre-date the Ninth Circuit's *In re Apple iPhone Antitrust Litig.* case, which affirmed "that Rule 12(g)(2) facially bars successive Rule 12(b)(6) motions."  846 F.3d at 318.  Although the Ninth Circuit might well be "forgiving of . . . [this] [C]ourt's failure to follow Rule 12(g)(2)," the Court declines to exercise its discretion to do so as Defendant requests.  *Id.*; *see also Gardner v. Starkist Co.*, 2020 WL 1531346, at *2 (N.D. Cal. Mar. 31, 2020) ("a party that seeks to assert a defense that was available but omitted from an earlier Rule 12 motion can only do so in a pleading, a Rule 12(c) motion, or at trial.").

---

[2] For example, Defendant cites to *Mir v. Kirchmeyer*, No. 12-cv-2340-GPC-DHB, 2014 WL 12029269, at *4–5 (S.D. Cal. Nov. 3, 2014).

In sum, the court in *In re Packaged Seafood Prod. Antitrust Litig.* declined to allow a successive 12(b)(6) motion even though the factual footing changed. Here, the factual footing has not even changed in a way that would give the Court some pause before using its discretion to ban this successive 12(b)(6) motion. Defendant could have raised its arguments in its motion to dismiss Plaintiff's FAC. Therefore, Defendant's motion to dismiss the SAC is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss Plaintiffs' SAC. Defendant shall file an answer to Plaintiffs' SAC no later than **January 8, 2024**.

**IT IS SO ORDERED**.

Dated: December 4, 2023

HON. MICHAEL M. ANELLO
United States District Judge